# METZGER v. MARKHAM.

STATUTES; PLEADING; CONDEMNATION OF PROPERTY; UNSANITARY BUILDINGS, CONDEMNATION OF.

1. A statute authorizing the condemnation of unsanitary buildings will be construed strictly against the government, and liberally in favor of a citizen whose property is to be taken and destroyed; and the technical rules of pleading have no place in a proceeding under such a statute.

2. A statutory proceeding by a property owner whose building has been condemned as unsanitary by a board for the condemnation of unsanitary buildings, to obtain an award of damages, is not an action for damages, but merely a step in the condemnation proceeding

**D. C.]** Statement of the Case.

instituted by the board, and all that it is necessary for the petitioner to set forth in his petition is a request for the court to grant the relief provided in the statute. (Construing act of Congress of May 1, 1906, 34 Stat. at L. 157, chap. 2073.)

3. Where a property owner who, in his original petition, sought an award of damages by reason of the condemnation by the board for the condemnation of unsanitary buildings, of certain unsanitary buildings, attempted in an amended petition for the first time to have the order of condemnation set aside, the amendment was *held* only to have had the effect of specifically praying an additional ground of relief based upon the original petition, which under the liberal rule to be applied to a proceeding of that nature, was not to be regarded as the setting up of a new cause of action.

4. The provisions of sec. 14 of the act of Congress of May 1, 1906 (34 Stat. at L. 157, chap. 2073), relating to the condemnation of unsanitary buildings in this District, which reads: "and the court may appoint a committee of award, . . . who . . . shall proceed to hear and receive evidence respecting the amount of damages to be awarded," are mandatory. The word "may" will be read "shall."

5. It is unnecessary for the owner of buildings condemned as unsanitary, in applying to the court for the appointment of a committee of award, to make any specific allegations as to the damages to which he is entitled. (Construing act of Congress of May 1, 1906, 34 Stat. at L. 157, chap. 2073.

6. It is the duty of the court, upon the appointment of a committee to award damages for the condemnation of buildings as unsanitary, under the act of Congress of May 1, 1906 (34 Stat. at L. 157, chap. 2073), to follow the statute, and not the pleading, in instructing the committee as to its duty.

No. 2185. Submitted December 7, 1910. Decided January 3, 1911.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia, sitting as a District Court, sustaining the demurrer to an amended petition for an award of compensation for the condemnation of unsanitary buildings, and, the petitioner electing not to amend, dismissing the petition. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order of the supreme court of

the District of Columbia, sitting as a district court, sustaining appellees' demurrer to the appellant's second amended petition in a proceeding for an award of compensation for the condemnation of unsanitary buildings in the District of Columbia.

It appears that on the 31st of October, 1908, the appellant, Percy Metzger, was the owner of lots numbered 42, 43, and 44, in square 557, with the buildings thereon, in the city of Washington. The appellees, Edward M. Markham, William C. Woodward, and Morris Hacker, constituting the board for the condemnation of unsanitary buildings in the District of Columbia, and acting under the authority vested in them by the act of Congress of May 1, 1906 (34 Stat. at L. 157, chap. 2073), issued the following order:

Washington, D. C., Oct. 31st, 1908.

Percy Metzger, Esq.,
    472 La. Ave., N. W.
Sir:—

The premises described above having been found, as the result of an investigation by the board for the condemnation of unsanitary buildings, to be in such unsanitary condition as to endanger the health or the lives of the occupants thereof, or of persons living in the vicinity; and the owners of said buildings having been notified in the manner prescribed by law to show cause why such buildings should not be condemned, and no cause having been shown within the time allowed by law and prescribed in said notice, sufficient in the opinion of a majority of the members of said board to prevent condemnation of said building.

It is hereby ordered, this 29th day of October, 1908, that said building be, and it is hereby, condemned.

And it is further ordered that, unless said building be so changed or repaired as to remedy the conditions which led to the condemnation thereof, the owner of said building demolish and remove the same within sixty days after the service of this notice.

Notice of this order was served upon the appellant on November 18, 1908. On January 14th following, the appellant filed his petition in the district court, in which he alleged, among other things, the ownership of the property and service of notice upon him; that, by reason of the building regulations of the District, appellant was unable to resist the order, or to make repairs on the buildings necessary to avoid it; that appellant, by the demolition and removal of said buildings, would be damaged by the loss of rental therefrom in the sum of $501.60 annually, and that, under the act of Congress, the court was authorized to appoint a board of award to hear evidence respecting the loss or damage which appellant had sustained. Appellant prayed the court as follows:

"1. That the subpœna of this honorable court may issue to said board for the condemnation of unsanitary buildings in the District of Columbia, requiring the said board to answer the exigencies of this petition.

"2. That the committee of award provided for under section fourteen (14) of the act creating said board be named and appointed and instructed as to their duties, by this honorable court.

"3. For such other and further relief as the exigencies of the case require and this court has power to grant."

Appellees demurred to this petition, which demurrer was subsequently withdrawn by leave of court, and appellant was permitted to file an amended petition. The amended petition was in all respects similar to the original petition, except as to the measure of damage. In this respect appellant asked damages for loss of rentals in the sum of $1,468.80 and for the value of the buildings in the sum of $1,050. Appellees demurred to this petition, which demurrer was sustained, and leave granted appellant to file a second amended petition.

Appellant in his second amended petition set up in addition to the allegations of the former petitions the authority of the court under the statute to modify or vacate the orders of the board of condemnation, and prayed the court, among other things, as follows:

"Second: That the court will vacate and set aside the order of the said board for the demolition of unsanitary buildings hereinbefore set forth; or will so modify said order as to protect the property of petitioner and preserve his rights and interests therein.

"Third: That should the court decline to vacate or modify said order, that the court will then appoint a committee of award to determine the damages accruing to petitioner by reason of the demolition of his said buildings under the order of said board; and that the court will render judgment in his favor for the amount of damages assessed in his favor by such committee of award."

To this petition, appellees demurred upon the following grounds:

"1. This 'second amended petition' is the first 'proceeding' instituted by petitioner 'for the modification or vacation of the order of condemnation,' and was not instituted or filed 'within the time specified in the order of condemnation, namely, sixty days from November 18, 1908.

"2. Paragraphs eight and nine of the second amended petition are substantially the same as paragraphs six and seven of the amended petition, a demurrer to which amended petition the court heretofore sustained.

"3. The second amended petition does not allege facts sufficient to give the court jurisdiction.

"4. The second amended petition does not show with sufficient certainty what relief is desired, nor does it ask for any relief grantable under the law.

"5. The allegations of the second amended petition are vague, indefinite, and insufficient.

"6. The second amended petition is insufficient as matter of law."

This demurrer was subsequently sustained by the court, and, plaintiff refusing further to plead, judgment was entered for defendants, from which the case comes here on appeal.

*Mr. Victor H. Wallace* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. William Henry White,* Assistant, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The original and amended petitions did not question the authority of the board of condemnation or the propriety of its actions in the premises. What appellant sought was the relief afforded under sec. 14 of the act of Congress [34 Stat. at L. 160, chap. 2073], which reads in part as follows: "That the owner or owners of any building or part of building condemned under the provisions of this act may, within the time specified in the order of condemnation, institute proceedings in the supreme court of the District of Columbia, sitting as a district court, for the modification or vacation of the order of condemnation aforesaid, and the court shall give precedence to any such case, and shall hear the testimony adduced therein; and unless the court shall find that there is sufficient proof made of the necessity of the destruction of such building or part of building, the order of the board for the condemnation of unsanitary buildings shall be modified or set aside, as said court shall direct; otherwise the court shall issue such orders and decrees as may be necessary to carry the order of said board, as made by the board or as modified by the court, into effect; and the court may appoint a committee of award, consisting of three persons, each of whom shall have the qualifications of jurors in the District of Columbia, who, after taking the oath required of jurors in the trial of civil causes, shall proceed to hear and receive evidence respecting the amount of damages to be awarded to the owner or owners of such condemned building or part of building aforesaid, and said committee may issue subpœnas requiring the attendance of witnesses before them, and may administer oaths to such witnesses. Witnesses may be compelled to appear and testify before said committee in the same manner as witnesses may be compelled to appear and testify in the supreme court of the District of Columbia; and, if need be, said committee shall be entitled,

upon application, to the aid of said court to compel such attendance and giving of testimony. Unless the court shall order otherwise, the hearing of evidence before said committee need not be in the presence of the court, but they may meet in any room assigned to them by the United States marshal for the District of Columbia, who shall, in person or by deputy, attend such hearings. In such proceedings evidence shall be received by the committee of award appointed as aforesaid, to prove,—

"First. That the rental of the building was enhanced by reason of the same being used for illegal purposes, or being so overcrowded as to be dangerous or injurious to the health of the inmates; or

"Second. That the building is in a state of defective sanitation, or is not in reasonably good repair; or

"Third. That the building is unfit, and not reasonably capable of being made fit, for human habitation; and if the committee, or a majority of the members thereof, is satisfied by such evidence that compensation should be awarded, then the compensation—

"(a) Shall in the first case, so far as it is based on rental, be on the rental of the building (as distinct from the ground rent) which would have been obtainable if the building was occupied for legal purposes, and only by the number of persons whom the building was, under all the circumstances of the case, fitted to accommodate, without such overcrowding as is dangerous or injurious to the health of the inmates; and

"(b) Shall in the second case be the amount estimated as the value of the building if it had been put into a sanitary or safe condition, or into reasonably good repair, after deducting the estimated expense of putting it into such condition or repair; and

"(c) Shall in the third case be the value of the materials of the building."

The sole question to be considered is the sufficiency of appellant's petition to invoke the machinery of the court to aid him in securing the relief specifically afforded by the statute.

Statutes of this character are to be construed strictly against the government, and liberally in favor of the citizen whose property is being taken and destroyed. The technical rules of pleading have no place in a proceeding of this kind. The award of the committee is not based upon issues joined in the pleadings, but it is·gathered from the evidence, applied to the rules for the ascertainment of damages as set forth in the statute.

Counsel for appellees are disposed to treat this proceeding as an ordinary suit for the recovery of damages. It was this view, we think, that led the court below into error. It is not an action for damages, but merely a step in the condemnation proceeding instituted by the board. The law that created the board and authorized it to condemn appellant's property provided, as an incident to the proceedings, what must of necessity always follow,—a simple method for compensating the owner for the loss sustained.

The committee does not look to the pleadings for direction, but to the court; and the court, in turn, instructs the committee as to its duties from the law as expressed in the act of Congress. All that was necessary for appellant to set forth in his petition was a request for the court to grant the relief provided in the statute. This, we think, he did.

Two forms of relief are afforded in the statute. First, the court may vacate and set aside or modify the order of condemnation. Second, if the court refuses this relief, the petitioner may, as a matter of right, have a committee appointed to award him damages. In seeking relief under the statute, it follows that the peitioner is only required to make such allegations in his petition as are sufficient to bring him within the provisions of the statute. The statute clearly and minutely describes how the court shall proceed upon its attention being called by petitioner to condemnation proceedings had under it. Appellant's attempt in his second amended petition for the first time to have the order of condemnation set aside had only the effect of specifically praying an additional ground of relief based upon the same petition, which we think,

under the liberal rule to be applied to a proceeding like this, is not to be regarded as setting up a new cause of action. The original petition contained all the essential allegations necessary to permit appellant to establish his right to relief under the statute, and also contained a general prayer for relief. This was sufficient to authorize the court to grant any relief to which appellant might be found entitled under the statute. Appellant set forth in his petition the order of the board of condemnation, and prayed the appointment of a committee of award. He did not contest the propriety of the action of the board in condemning his property, but simply sought compensation in the manner prescribed by the statute. To this relief, he was entitled. His original petition was filed within the time prescribed by statute, and this, we think, was sufficient to keep him in court until his rights could be determined.

The provisions of the act of Congress are easily understood. The procedure prescribed is simple. When the board of condemnation makes an order directing that property be destroyed, it fixes, under the authority expressly granted by the statute, a time within which the owner may bring an action in the supreme court of the District, sitting as a district court, to have the order modified or set aside. Upon the refusal of the court to so modify or set aside the order, the owner may request the court to appoint a committee of award, consisting of three persons, to ascertain the amount of damages to be awarded the owner arising from the destruction of the condemned property. It is mandatory upon the court, when requested, to appoint a committee of award. While it is stated in the statute that "the court may appoint a committee of award," we are of the opinion that "may" should be read "shall." It is unnecessary for the owner, in applying to the court for the appointment of a committee of award, to make any specific allegations as to the damages to which he is entitled. The act of Congress fully covers this point. It prescribes in detail the character of damage to which the owner may be entitled, and the manner for its ascertainment. It is therefore the duty of the court, upon the appointment of a committee of award,

to follow the statute, and not the pleadings, in instructing the committee as to its duty. The statute is the guide to the court, and the committee should proceed as instructed by the court.

The act further provides "that after hearing and considering the testimony offered by the owner and offered on behalf of the District of Columbia, the said committee of award shall report to the court in writing the compensation allowed by them to the owner, according to the provisions of this section. Unless cause be shown to the court within ten days from the filing of said report, why the same should not be confirmed, the court shall confirm the same, and judgment be entered thereon accordingly." Thus it appears that ample opportunity is afforded either the District or the owner of the property to show cause why the report of the committee of award should not be confirmed.

The demurrer should have been overruled, and the court, in refusing to modify or vacate the order, should have appointed a committee of award to ascertain appellant's damages, as provided by the act of Congress. The order sustaining the demurrer and entering judgment thereon is reversed with costs, and the cause is remanded with instructions to proceed in accordance with the views herein expressed.        *Reversed.*